**Sherrie WILKINS, Appellant,**

v.

**PENNS GROVE–CARNEYS POINT REGIONAL SCHOOL DISTRICT; Joseph A. Massare; Jean Spinelli.**

No. 04–2648.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 2005.

Decided Feb. 14, 2005.

---

Allan Marain (Argued), New Brunswick, New Jersey, for Appellant.

Patrick J. Madden (Argued), Michael P. Madden, Madden, Madden & Del Duca, Haddonfield, New Jersey, for Appellees.

Before: SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Sherrie Wilkins, an atheist and the mother of two New Jersey public school students, challenges on equal protection and state law grounds a religious exemption to a public school uniform policy. The District Court denied Wilkins' prayer for a preliminary injunction and dismissed her claims on summary judgment. We will affirm.

## I.

In 2001, the Penns Grove–Carneys Point Regional School District adopted a mandatory school uniform policy. As originally drafted, it exempted students with "moral" objections to uniforms. But apparently this proved unworkable, and the following year the school district narrowed the "moral" exemption to encompass only objections based on "sincerely held religious beliefs." The school district provides other uniform exemptions for: (1) "financial hardship"; (2) children wearing the uniforms of "nationally recognized youth organizations such as the Boy Scouts or Girl Scouts"; and (3) children wearing the uniforms of certain approved school clubs.

Sherrie Wilkins, an atheist, sought and was denied a uniform exemption for her two children. Initially, Wilkins told the school district she objected to the "militarism" conveyed by uniforms. This basis for exemption was rejected. Later, after the school district changed the policy to recognize religious objections, Wilkins returned to seek an exemption based on her atheism. In denying this second request, the school Superintendent cited the absence of any evidence that atheism is incompatible with school uniforms. Wilkins filed suit in federal court, alleging violations of the Equal Protection Clause of the Fourteenth Amendment, U.S. Const.

amend. XIV, and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5–1 *et seq.* The District Court for the District of New Jersey denied Wilkins' request for a preliminary injunction, and granted the school district's cross-motion for summary judgment.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. Our jurisdiction is based on 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. *In re Mushroom Transp. Co.,* 382 F.3d 325, 335 (3d Cir.2004) (drawing all reasonable inferences in favor of the non-moving party). We review the denial of a preliminary injunction for abuse of discretion, but we review antecedent questions of law de novo. *Child Evangelism Fellowship of N.J, Inc. v. Stafford Twp. School Dist.,* 386 F.3d 514, 524 (3d Cir.2004).

## II.

At the outset we clarify the issue on appeal. Appellant's brief states: "Ms. Wilkins .... does not challenge the District's authority to require uniforms. Nor does she contend that conditioning opt-outs on religious objections constitutes an establishment of religion within the meaning of the First Amendment." Furthermore, Wilkins acknowledges that rational-basis scrutiny is the appropriate mode of analysis under the Equal Protection Clause. *See Corp. of Presiding Bishop of Church of Jesus Christ of Latter–Day Saints v. Amos,* 483 U.S. 327, 339, 107 S.Ct. 2862, 97 L.Ed.2d 273 (1987) (applying rational-basis equal protection scrutiny to

statutory religious exemption); *Bethel Baptist Church v. United States,* 822 F.2d 1334, 1342 (3d Cir.1987) (same).

The question, then, is whether the religious exemption to the school uniform policy is a rational means of achieving a legitimate state end. *S.G. v. Sayreville Bd. of Educ.,* 333 F.3d 417, 424 (3d Cir.2003). The school district contends the exemption furthers the educational goals of the school uniform policy while protecting students' free exercise rights under the First Amendment. U.S. Const. amend. I. The District Court held the "narrow" religious exemption is rationally related to a legitimate state interest.

We agree. The religious exemption is rationally drawn to further the legitimate interest in accommodating students' free exercise of religion without undermining the pedagogical goals of the school uniform policy. *See Amos,* 483 U.S. at 334 (upholding religious exemption to Title VII, and noting that under the First Amendment "the government may (and sometimes must) accommodate religious practices") (citations omitted).[1] Our conclusion on the rationality of the exemption, and its application in this case, is buttressed by the deference we accord school officials in crafting and implementing school policy. *See Walz v. Egg Harbor Twp. Bd. of Educ.,* 342 F.3d 271, 277 (3d Cir.2003); *English v. Bd. of Educ.,* 301 F.3d 69, 80–81 (3d Cir.2002).

The same analysis supports summary judgment on Wilkins' supplemental claims under the New Jersey Law Against Dis-

---

**1.** Although Wilkins rests her constitutional claim exclusively on equal protection, we note the ongoing debate on this issue under the First Amendment. *Amos* and other Supreme Court decisions approve of statutory religious exemptions as an appropriate accommodation of free exercise. *See* Michael W. McConnell, *The Problem of Singling Out Religion,* 50 DePaul L.Rev. 1, 5 (2000) ("The Supreme Court has repeatedly held that religious accommodations are constitutionally permissible."). *But cf.* William Marshall, *In Defense of Smith and Free Exercise Revisionism,* 58 U. Chi. L.Rev. 308, 320 (1991) (arguing religious exemptions are problematic under the Establishment Clause).

crimination, N.J. Stat. Ann. § 10:5–1 *et seq.* Wilkins does not cite any relevant New Jersey authority in support of these statutory claims, and other state decisions undermine her position. *See, e.g., B.C. v. Bd. of Educ.*, 220 N.J.Super. 214, 531 A.2d 1059, 1066 (N.J.Super.Ct.App.Div.1987) (holding, in the context of education, that the New Jersey Law Against Discrimination allows reasonable restrictions furthering important government objectives).

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.